## BREWSTER v. LYNDES.

### March 14, 1838.

*Rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence.*

In all action on a draft or bill by the endorsee against the drawer, the parties all residing, and the draft being payable in the State of New York, and the consideration paid by the endorsee for the draft being tainted with usury, the plaintiff cannot recover. The *lex loci contractus* is to govern, unless the parties, by the terms of the contract, have in view a different place.

THIS was an action brought by Seabury Brewster against Elam Lyndes and Charles S. Lyndes, trading as Elam Lyndes & Son—endorsee against the drawers—on a draft or bill of exchange. The plaintiff filed a copy, and the following affidavit of defence was filed:

"George W. Soule, of the City of New York, being duly sworn, doth depose and say that some time about the tenth day of March, one thousand eight hundred and thirty-seven, the deponent was called upon by Charles S. Lyndes, and by him handed a draft drawn by the firm of Elam Lyndes & Son, of which firm the said Charles is a partner, on one William C. Boardman, of the City of New York, at ninety days from the 8th of March, 1837, for the sum of sixteen hundred dollars, and which said draft was accepted by the said Boardman, as this deponent was informed at the time, for the accomodation of the said Lyndes; that said draft was given to this deponent by the said Lyndes for the purpose of raising or getting a loan of money on the same; that this deponent, on said draft or bill of exchange, on or about the ninth or tenth of March, procured from Seabury Brewster, of the City of New York, a loan of money on said draft or bill of exchange; that said money was procured on said draft or bill of exchange, at the rate of one dollar per day, on one thousand dollars, over and above the legal rate of interest; that the legal rate of interest would amount to the sum of twenty-eight dollars and twenty-five cents, and the usurious rate of interest amounted to the sum of one hundred and forty-seven dollars, or thereabouts;

16*

[Brewster v. Lyndes.]

that this deponent received from said Brewster the balance of the said money, after deducting the aforesaid sums, and that he paid same to the said Charles Lyndes; that all said parties reside, as this deponent believes, in the State of New York, and that said transaction took place in the City of New York; that this deponent was a witness on the trial of this case on the 27th January last, and proved the facts set forth as above, and that a verdict was rendered in favour of the defendant."

The plaintiff obtained this rule to show cause.

*Graham*, for plaintiff.
*Perkins*, for defendant.

The question was whether the draft or bill was void in the hands of the plaintiff, the endorsee, by reason of the statute of usury in the State of New York.

PER CURIAM.—The *lex loci contractus* is to govern, unless the parties, by the terms of the contract, had in view a different place. Thompson *v.* Ketcham, 8 *Johns. Rep.* 189; Van Schaick *v.* Edwards, 2 *Johns. Ca.* 353; Ludlow *v.* Bingham, 4 *Dall.* 47, 61; Conframp *v.* Bunel, *id.* 418.

And by the laws of New York, which is the place of contract in this instance, a note or bill is absolutely void, where the consideration either as between the original or the subsequent parties, is usurious, and no shift or device is admitted to evade the statute of usury. Jones *v.* Hake, 2 *Johns. Ca.* 60; Wilkie *v.* Roosevelt, 3 *Johns. Ca.* 66; Id. *v.* eund, 3 *Johns. Ca.* 206; Rose *v.* Dickson, 7 *Johns. Rep.* 196; Smith *v.* Brush, 8 *Johns. Rep.* 84.

Rule discharged.

